OPINION
Plaintiff-appellant State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Seneca County appointing a special prosecutor for all future motions made by defendant-appellee Steve R. Hoschar ("Hoschar").
On November 2, 1999, Hoschar pled guilty to two counts of felonious assault with a gun specification. Hoschar was sentenced to serve a total of 6 years in prison. At the time, Hoschar was represented by the Seneca County Public Defender's Office ("SCPD"). Subsequent to that time, Chad T. Mulkey was hired by SCPD. At some point after Hoschar's sentencing, Mulkey left the SCPD and joined the Seneca County Prosecutor's Office. On March 22, 2001, Hoschar's attorney filed a motion to withdraw and a motion to appoint a special prosecutor for any future proceedings. The basis for this motion was the potential conflict of interest now that Mulkey was employed by the State.
A hearing was held on the matter on May 25, 2001. At the hearing, attorneys for both the State and Hoschar explained their positions to the trial court and presented their "evidence."[1] On May 30, 2001, the trial court entered judgment removing the SCPD as the attorney for Hoschar and appointed a new attorney for any future post-conviction motions. The trial court also ordered that a special prosecutor would be appointed upon the filing of any post-conviction motions. It is from this judgment that the State appeals.
The State raises one assignment of error.
 The trial court abused its discretion when it disqualified the prosecuting attorney without conducting an evidentiary hearing and failing to apply the principles set forth in this court's ruling in State v. Murphy (November 17, 1988), Marion App. No. 9-87-35, unreported.
The Ohio Supreme Court has addressed the proper procedure for ruling on a motion for disqualification of an attorney in Kala v. AluminumSmelting (1998), 81 Ohio St.3d 1, 688 N.E.2d 258. In Kala, the Court held as follows:
 In ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?
Id.
In this case, an evidentiary hearing was held. However, no evidence was presented which would permit the trial court to complete the analysis. At the hearing, the attorneys for Hoschar and the State both just stated their positions. No findings of fact were made and the analysis required by Kala was not completed. Without the appropriate analysis, the trial court abused its discretion in issuing a blanket disqualification of the State from any future motions filed. Thus, the assignment of error is well-taken.
The judgment of the Court of Common Pleas of Seneca County is reversed and the cause remanded for further proceedings.
Judgment Reversed and Cause Remanded.
SHAW and HADLEY, J.J., concur.
[1] We note that no formal testimony was given. Since the matter concerned the conduct of the attorneys, the attorneys each told the trial court what the facts were.